Matthew J. Jasen, J.
Pursuant to CPLR 6301 plaintiff seeks to enjoin and restrain the defendant from erecting a "building upon premises which the plaintiff claims to own.
The material facts in this case are not in dispute. The late Amos Pierce, father of Rogene Pierce Bennett, plaintiff herein was a ’Seneca Indian. Plaintiff’s mother was a Cayuga Indian.
Plaintiff claims to own and possess as allottee, by inheritance from her father, a tract of land within the Cattaraugus Indian Reservation. The Seneca Nation, on the other hand claims to own said tract as holder of record title by virtue of a quitclaim deed from one Hazel Goode Williams, closest Seneca relative of the said late Amos Pierce.
For the purpose of erecting a community building thereon, the defendant entered into an agreement with the Seneca Nation to construct said building. It should be noted that the building to be constructed will not interfere with plaintiff’s dwelling on said premises.
In essence, the complaint alleges that the defendant is trespassing upon plaintiff’s property, and seeks to enjoin the defendant from further construction operations on the premises.
The questions presented to the court are:
1. Whether a Cayuga Indian may own or possess as allottee, through inheritance, an interest in real property within the Cattaraugus (Seneca Nation) Indian Reservation, and
2. Whether a State court has jurisdiction to determine title to land within a Seneca Nation Reservation.
It is well-settled law that the right of inheritance from a member of an Indian Nation, recognized by the Government of the United States, is controlled by the laws, usages and customs of the Indian Nation concerned, and not by law of any State. (Matter of Patterson v. Council of Seneca Nation, 245 N. Y. 433; Jones v. Meehan, 175 U. S. 1, 29.)
*285 Documentary proof presented reveals that the Surrogate’s Court of the Cattaraugus Reservation has decided that the plaintiff has no interest or title to the acreage involved.
It is not for this court to determine what shall he the qualifications of membership in the Seneca or any other Indian Nation. Inasmuch as the Cattaraugus Reservation is governed by the Seneca Indian Nation, a duly recognized Indian Nation by the United States Covernment, the Seneca Nation has the power of self-government and in its capacity of a sovereign nation, the Seneca Nation is not subservient to the orders and directions of the courts of New York State. It is for the Seneca Nation to determine who are Senecas according to their laws, usages and customs.
In this case, it is clear and irrefutable that the plaintiff’s mother was a Cayuga Indian, and accordingly, under the laws and customs of the Nation, plaintiff is a non-Seneca. The fact that plaintiff’s father was a Seneca does not change the basic Indian law of inheritance of land only through the mother and not the father.
The laws, customs and decisions of the Seneca Nation which provide that the plaintiff may not inherit real property within the Cattaraugus Reservation from the Seneca father because she is a Cayuga Indian, may not be overruled or otherwise disturbed by this court. (Jones v. Meehan, supra; Matter of Patterson v. Council of Seneca Nation, supra; Matter of Woodin v. Seeley, 141 Misc. 207.)
Plaintiff argues that State courts have jurisdiction in this action on the ground that subsequent to the Patterson holding, Congress provided that State courts could exercise jurisdiction within New York Indian Reservations. (U. S. Code, tit. 25, § 233 [Sept. 13, 1950].)
The 1950 act does in fact provide for State court jurisdiction within an Indian reservation, but it also provides that nothing therein contained shall prevent the New York courts “ from recognizing and giving effect to any tribal law or custom which may be proven to the satisfaction of such courts ” or shall be construed “ as authorizing the alienation from any Indian nation, tribe, or band of Indians of any lands within any Indian reservation in the State of New York ”.
Finally, this court need not pass on the question of whether the plaintiff is entitled to reside on the Cattaraugus Reservation as a third-party beneficiary under various laws, customs and treaties of the Seneca Nation, since there is no showing here that her right to reside in her present dwelling upon said reservation will be affected by the construction of the said community build *286 ing. Whatever privileges the plaintiff and other Cayuga relatives of Seneca Indians may have to reside on Seneca lands is not the issue in this action.
Accordingly, plaintiff’s application for an injunction against defendant’s operation should be denied, and the complaint dismissed.