M. Michael Potoker, J.
In a paternity proceeding respondent moves for dismissal prior to hearing.
The threshold questions confronting the court are twofold: one, the right of petitioner to a hearing in the absence of a completed blood-grouping test caused by petitioner’s failure to submit child for said test; and two, the right of petitioner to institute a paternity proceeding after the child had been legally adopted by" other persons.
The undisputed facts are these. An. out-of-wedlock child was born to petitioner on October 24, 1967. On January 15, 1968 petitioner commenced an action in the Family Court charging respondent with being the father of her child. In her petition she alleged inter alia that the whereabouts of the child are unknown to her since the child has been adopted. In her prayer for relief she seeks an adjudication of paternity and the payment by respondent of her lying-in expenses.
On the return date of February 14, 1968 the parties and their respective attorneys appeared. Respondent denied paternity and at his request the court ordered a blood-grouping test pursuant to section 532 of the Family Court Act. Both parties were subsequently tested but because of petitioner’s failure to submit the child in question the blood-grouping test was never fully completed.
Petitioner concedes that the primary objective of this proceeding is to establish paternity on the part of respondent and the secondary objective is to compel payment by the respondent to petitioner’s father for the expenses incurred as a result of his daughter’s pregnancy and birth of the child, for which respondent is liable as a matter of law. Petitioner insists that respondent’s legal liability for the expenses of confinement and birth is not diminished to any extent because the child has been adopted and respondent is therefore no longer responsible for the child’s support.
The respondent on the other hand moves for dismissal of this proceeding on these grounds: (1) the failure or inability of petitioner to submit the child for the blood-grouping test deprives him of an indispensable right granted to him by section 532 of the Family Court Act; and (2) since the child was adopted by other persons prior to the commencement of this proceeding petitioner was not a proper party before this court under the Family Court Act when she filed her petition.
Once an order of adoption is entered by a court the question of a child’s paternity is no longer in doubt. By the very order of adoption the child’s paternity is established and the adoptive *1058 parents become the natural parents and a new certificate of birth is ordered reflecting that change.
The legal effect of an order of adoption is to make adopted child the natural child of adoptive parents. (Matter of Wood v. Howe, 15 Misc 2d 1048.)
Section 117 of the Domestic Relations Law reads in part as follows: * ‘ After the making of an order of adoption the natural parents of the foster child shall be relieved of all parental duties toward and of all resposibilities for and shall have no rights over such foster child ”.
Petitioner herein, having consented to the adoption of her child by other persons, has surrendered all of the rights to which she was otherwise entitled as the child’s natural mother, including the right to initiate this paternity proceeding under section 522 of the Family Court Act. To hold otherwise would countenance serious and unlawful interference by this petitioner to an extent that tended to disturb the relationship that exists between the adoptive parents and the child.
Having divested herself of her legal rights as mother prior to the commencement of this proceeding petitioner also loses all of her rights under section 522 of the Family Court Act entitled ‘ ‘ Persons who may originate proceedings ’ ’, and which reads as follows: “ Proceedings to establish the paternity of the child and to compel support under this article may be commenced by the mother, whether a minor or not, by the child’s guardian or other person standing in a parental relation or being the next of kin of the child, or by any authorized representative of an incorporated society doing charitable or philanthropic work, or if the mother or child is or is likely to become a public charge on a county, city or town, by a public welfare official of the county, city or town where the mother resides or the child is found.”
License to maintain páternity proceedings must be found in statute, for such suits are creations solely of the Legislature. (See Feyler v. Mortimer, 299 N. Y. 309, and cases cited therein.) Judge Fuld writing for the unanimous court in the Feyler case stated (p. 313) as follows: “ At the common law, the father of an illegitimate child was not liable for the support of either the child or the mother.”
Clearly, petitioner did not on January 15, 1968 fit into any one of the categories designated in section 522 as a person who may originate paternity proceedings, since, as she alleges in her petition filed on that date, the child’s whereabouts were unknown to her because the child has been adopted. Her petition must therefore fail on this ground.
*1059 If an adoption of the child was approved prior to the commencement of a paternity proceeding, such paternity proceeding will not lie, even though it was commenced for the purpose of reimbursement of certain expenses of petitioner, such as hospital and medical bills and other expenses incident to pregnancy. (Matter of Wood v. Howe, 15 Misc 2d 1048, supra.)
In reference to the payment of lying-in expenses, the law is well settled that a respondent can be directed by the court to pay the necessary expenses by or for the mother in connection with her pregnancy, confinement and recovery only following an adjudication by the^ court that respondent is the father of the child' and on the entry of an order of filiation based thereon. (Family Ct. Act, § 545.) Since the petition herein is being dismissed, no adjudication of paternity by the court is possible. Respondent cannot therefore be held liable for lying-in expenses.
Since petitioner could not originate this proceeding on January 15,1968 because the child in question was adopted, the court was precluded from granting respondent’s demand for a blood-grouping test and this court need not at this time address itself to respondent’s first ground of his motion for dismissal. Motion to dismiss is granted.