Frank L. Gates, J.
This proceeding is brought by the District Attorney of Suffolk County pursuant to section 8 of the New York State Indian Law at the request of the Trustees of the Poospatuck Indian Reservation, Mastic, Suffolk County, New York, for removal of respondents Rocky Nelson, also known as Jerry Nelson, and Barbara Nelson, his wife, from the reservation.
The application alleges that respondents have intruded upon the reservation in that they are residing upon the reservation although neither of them is a blood related Poospatuck Indian and, therefore, are not eligible to live upon the reservation.
Am order to show cause was issued by this court dated October 18, 1971 returnable October 27, 1971 directing respondents to show cause why a warrant should not be issued pursuant to section 8 of the Indian Law of the State of New York directing the Sheriff of Suffolk County to remove them from the Poospatuck Indian Reservation.
Thereafter on November 29, 1971 a hearing was held during which evidence was submitted and testimony taken on behalf of the trustees and the respondents. The evidence submitted by the District Attorney included a copy of the 1 ‘ Tribal Rules, Customs and Regulations of the Poospatuck Indian Nation.”
The pertinent portion of said Tribal Rules is as follows:
We, the descendente of the Poospatuck Indian Nation, in order to memorialize and preserve the history, laws and customs of our people as passed down to us by our ancestors, and in order to help govern ourselves and to clarify these hereditary rules and customs of our people and to establish working policies for the future of our Tribe, do formulate this document.
Article I Establishment of Blood Right
Section I: Persons who reside upon the Poospatuck Indian Reservation must have hereditary blood rights in the Poospatuck Nation, since the lands deeded to this reservation were granted to the Poospatuck Indians and their posterity. * * *
Article VIII Land Regulations * *' *
Section IV: Land rights of a non-blood right spouse
Any non-blood right spouse shall have the right to enjoy all privileges of his or her blood right spouse which are customary in maintaining a normal marital life, but as has always been the Tribal custom a non-blood right resident will not have any vote at a Tribal meeting nor be eligible to hold any elected or appointed office in reservation government.
The court received in evidence on behalf of Rocky Nelson, also known as Jerry Nelson, and Barbara Nelson a certified copy *616 of an order of adoption made by the ¡Surrogate of Suffolk County dated December 11, 1967 granting the petition of Lafayette Daniels and Sarah Daniels, his wife for the adoption of Barbara James Daniels. Further testimony was submitted indicating that Sarah Daniels is a Poospatuck Indian and that Barbara James Daniels is now respondent Barbara Nelson, having married respondent Rocky Nelson.
The respective contentions of the District Attorney and of the respondents may be summarized as follows: The District Attorney contends that respondents are not blood related Poospatuck Indians and therefore in view of the explicit provisions of the Tribal Laws they are not eligible to reside on the reservation and may be removed as ‘ ‘ intruders ’ ’ under section 8 of the Indian Law.
The attorney for respondents however contends that Barbara Nelson is a Poospatuck Indian by virtue of her adoption by a Poospatuck Indian and is therefore a member of the Poospatuck Indian Tribe and is eligible to reside upon the reservation with her husband.
In support of their contention the attorney for respondents cites decisions of the courts of this State to the effect that adopted children in a legal sense become the natural children of the adoptive parents and are, in the eyes of the law, lineal descendents of their foster parent. (Matter of Upjohn, 304 N. Y. 366; Matter of Silberman, 23 N Y 2d 98; Matter of Charles v. James, 56 Misc 2d 1056.)
The District Attorney concedes the validity of the proposition that under the present language of the Domestic Relations Law, the adopted child becomes the natural child of the adoptive parent. He contends however that said principle has no application to the case at bar citing Matter of Patterson v. Seneca Nation (245 N. Y. 433); Dole v. Irish (2 Barb. 639), and Matter of Fischer (Checkman) (283 App. Div. 518), holding that a tribe has the right to determine for themselves who their members shall be and that .such determination should not be interferred with by the 'State.
The court takes judicial notice that the reference in article I (§1) of the Tribal Rules, etc. to “ lands deeded to this reservation ” refers to the grant made by William Smith to the Poospatuck Indians, dated at the Manor of St. George on July 2, 1700 and recorded in the Brookhaven Town Records (Book B, pp. 358-359).
By this document, lands including the parcel known as the Poospatuck Reservation were granted to certain named Indians, *617 “ there children and ye Posterite of there children forever.” (sic).
The Smith grant recited the prior conveyance to Smith of all the Indians’ land by their Sachem Tobaguss.
The intent of the grant is then .set forth as follows: ‘ ‘ That the intent sayd Indians there children and postorryte maye not want suffesient land to plant on, for ever * * * ” (sic).
The grant further provides that the rights granted shall not be sold, conveyed or alienated and shall descend to the Indians and their children forever.
It follows that the portions of the Poospatuck Tribal Laws dealing with residence on the reservation are in accord with the purpose and intent of the Smith grant to their ancestors.
The question remains whether respondent Barbara Nelson became a member of the Poospatuck Tribe as a result of her adoption by a Poospatuck Indian.
The Federal Government has paramount authority over Indians. (People ex rel. Cusick v. Daly, 212 N. Y. 183.)
However, title 25 (§ 233) of the United States Code provides that: “ The courts of the State of New York under the laws of such State shall have jurisdiction in civil actions and proceedings between Indians or between one or more Indians and any other person or persons to the same extent as the courts of the State shall have jurisdiction in other civil actions and proceedings, as now or hereafter defined by the laws of said State * * * but nothing herein contained shall prevent such courts from recognizing and giving effect to any tribal laws or customs which may be proven to the satisfaiction of such courts ”. (Emphasis added.)
Section 8 of the New York Indian Law under which this proceeding is brought provides, in part, that: “ Except as otherwise provided by law, no person shall settle or reside * * *
upon any lands owned or occupied by any nation, tribe or band of Indians, except the members of such nation, tribe or band.”
Under this section the only judicial discretion is the right to determine whether there is membership in the Indian unit. (Matter of Fischer [Checkman], 283 App. Div. 518, supra.)
In Matter of Fischer (Checkman) (supra) the appellate court reversed a County Court order dismissing an application under section 8 of the Indian Law for removal of the white husband of a member of the Mohawk Tribe from St. Regis Reservation, and ordered his removal. The court made the following pertinent comment (p. 521): “If cross-marriages brought with *618 them a general right to white persons to live on Indian Reservations the distinctiveness and the separation of Indian nations and tribes which has been preserved by a long and deliberately conceived public policy would be diluted; and to say that, is to say they-would be destroyed.”
In Matter of Patterson v. Seneca Nation (245 N. Y. 433, supra) the Court of Appeals ruled that the Seneca Nation of Indians retained for itself the power of determining who are members of that tribe and that the courts of the State of New York, under existing laws, had no jurisdiction to interfere with such a determination and reversed a lower court decision issuing an order of mandamus requiring the Senecas to enroll the son of a white mother and Seneca father as a member of the Seneca Tribe contrary to Seneca laws and customs.
Matter of Patterson v. Seneca Nation was decided in 1927 prior to the enactment of title 25 (§ 233) of the United States Code (supra) in 1950.
However in Bennett v. Fink Constr. Co. (47 Misc 2d 283, 285 [Sup. Ct., Erie County, Jasen J.]) decided in 1965, the court followed the ruling in Matter of Patterson v. Seneca Nation (supra) in holding that: “It is for the Seneca Nation to determine who are Senecas according to their laws, usages and customs.”
The Supreme Court, Erie County, took note of the enactment of title 25 (§ 233) of the United States Code but pointed out that said section provides that nothing therein contained shall prevent the New York courts from recognizing and giving effect to any tribal law or custom which may be proven to the satisfaction of said courts.
The tribal laws of the Poospatuck Indians have been received in evidence and proven to the satisfaction of this court.
To force the Poospatuck Indians to accept any persons as members of their tribe and share their property rights by reason of adoption by a Poospatuck Indian, would open the way to the dilution and eventual destruction of the tribe contrary to the public policy of this State. (Matter of Fischer [Checkman], supra.)
It is not for this court to determine the qualifications of membership in the Poospatuck Tribe, nor may the Tribal Laws be overruled in the absence of express statutory authority. (Bennett v. Fink Constr. Co., supra.)
The court finds, therefore, that respondent Barbara Nelson did not become a member of the Poospatuck Tribe by reason of *619 her adoption by Sarah Daniels, that respondent Rocky, also known as Jerry Nelson, his rights being derivative, is not entitled to land rights of a nonblood right spouse, and that respondents are intruders upon the reservation (Indian Law, § 8; Tribal Laws, supra).
The application is, therefore, granted.