In the Matter of the Claim of MARCEL ANICHINAPEO, Respondent, v L. W. BENNETT & SONS, INC., Appellant, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, December 14, 1978

APPEARANCES OF COUNSEL

*Harris, Maloney, Horwitz, Evans & Fox (Wayne M. Harris* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Claimant, a 15-year-old Algonquin Indian from Canada, was hired to work as a laborer at the employer's mink farm located in this State. He suffered severe work-related accidental injuries to his left hand and filed for benefits. Following numerous hearings, the referee made an award upon a finding of illegal employment under section 14-a of the Workers' Compensation Law based upon the employer's failure to obtain a work permit for claimant, who was less than 16 years of age, as required by section 3226 of the Education Law. The board affirmed and this appeal ensued.

The dispositive issue on this appeal is whether Congress has pre-empted the field as to all questions pertaining to Indians, thereby making the issues in this case exclusively referable to Federal law. We hold that it has not.

The jurisdiction of the Federal Government over Indian matters is exclusive except to the extent that Congress has given its consent to the States to exercise their jurisdiction *(Oneida Indian Nation v County of Oneida,* 414 US 661, 670-674, 678-682; *Heckman v United States,* 224 US 413). Section 233 of title 25 of the United States Code specifically confers upon the courts of this State jurisdiction in civil actions and proceedings between one or more Indians and any other person to the same extent as in other civil actions and proceedings as defined by the laws of this State. Pursuant to this provision, section 5 of the Indian Law states that "[a]ny action or special proceeding between * * * one or more Indians and any other person or persons may be prosecuted and

enforced in any court of the state to the same extent as provided by law for other actions and special proceedings." Since the Workers' Compensation Law was intended to apply to all those whose employment has sufficient contacts with this State so that it may be said that their employment is located here *(Matter of Nashko v Standard Water Proofing Co.,* 4 NY2d 199), claimant clearly would have been entitled to recover under the statute if he were not an Indian. Accordingly, under the broad delegation of jurisdiction contained in section 233 of title 25 of the United States Code and section 5 of the Indian Law, we conclude that Indians employed in New York are entitled to proceed under the Workers' Compensation Law in the absence of some conflict with paramount Federal law.

The employer relies upon what it contends is a discrepancy between the age requirements of the Federal Fair Labor Standards Act and the Labor Law and Education Law. Subdivision 1 of section 203 of title 29 of the United States Code provides that the employment of children between the ages of 14 and 16 in occupations other than mining and manufacturing, during periods which will not interfere with their schooling, shall not constitute oppressive child labor, while the New York statutes (Labor Law, § 131, subd 3, par f; Education Law, § 3226, subd 1) require that a work permit be obtained under similar circumstances. We perceive no conflict between these provisions which would suggest that an award of double compenation pursuant to section 14-a of the Workers' Compensation Law, which incorporates section 131 of the Labor Law, intrudes into the exclusive jurisdiction of Federal law over Indian matters.

The decision should be affirmed, with costs.

SWEENEY, KANE, STALEY, JR., and HERLIHY, JJ., concur.

Decision affirmed, with costs.