PETER MANGIAMELI et al., Respondents, v VINCENT GALANTE, Individually and Doing Business as GALANTE & SONS, Respondent, and HIDDEN RIDGE HOMEOWNERS' ASSOCIATION, Appellant. (And a Third-Party Action.)

Third Department, October 17, 1991

APPEARANCES OF COUNSEL

*James H. Kerr (Marsha Solomon Weiss* of counsel), for appellant.

*Appelbaum, Eisenberg, Bauman & Appelbaum (Joel R. Appelbaum* of counsel), for Peter Mangiameli and another, respondents.

*Drake, Sommers, Loeb, Tarshis & Catania, P. C. (Stephen J. Gaba* and *Stephanie J. Donato* of counsel), for Vincent Galante, respondent.

OPINION OF THE COURT

CASEY, J. P.

Plaintiff Peter Mangiameli (hereinafter plaintiff) was injured when he fell from the ladder which he was climbing to perform certain repair work on a residential unit located in a 150-unit housing development known as Hidden Ridge in Sullivan County. Plaintiff's fall occurred because the ladder slipped when the ground beneath the ladder gave way. The housing complex was developed by plaintiff's employer, which sold the residential units, together with the land beneath the unit and the six inches of land immediately abutting the unit, to individual homeowners. The remainder of the land, constituting the common area of the development, was deeded to defendant Hidden Ridge Homeowners' Association (hereinafter the Association). In order to perform the repair work, plaintiff leaned the ladder against a unit owned by an individual homeowner who is not a party to this action. The feet of the ladder were placed on land owned by the Association.

At issue on this appeal is whether the Association is an owner within the meaning of Labor Law §§ 240 and 241. In *Copertino v Ward* (100 AD2d 565, 566), the Second Department said: "On the rare occasions when courts have been called upon to consider the meaning of 'owners' under section 241 of the Labor Law the definition has not been limited to the titleholder. The term has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit". This court has said that "[t]he key criterion is 'the right to insist that proper safety practices were followed and

it is the right to control the work that is significant, not the actual exercise or nonexercise of control' " *(Nowak v Smith & Mahoney,* 110 AD2d 288, 290, quoting *Copertino v Ward, supra,* at 567).

Here, although the Association owned the land upon which plaintiff elected to place the legs of the ladder, it did not own the property upon which plaintiff was to perform his work. Nor is there any allegation that the Association had either the authority to contract with plaintiff's employer to perform the work or the right to control the work. Because the Association had no ownership interest in the property upon which plaintiff was to perform his work and did not otherwise act in the capacity of an owner, it is not an owner within the meaning of Labor Law §§ 240 and 241. Nevertheless, we are of the view that dismissal of the complaint in its entirety is inappropriate because it can be construed as alleging a common-law negligence cause of action *(see, Basso v Miller,* 40 NY2d 233).

MIKOLL, YESAWICH, JR., LEVINE and CREW III, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Hidden Ridge Homeowners' Association's motion for summary judgment; motion granted and complaint dismissed against said defendant except insofar as the complaint alleges a common-law negligence cause of action; and, as so modified, affirmed.