■ MICHAEL LYNCH, Appellant-Respondent, v CITY OF NEW YORK, Defendant, VILLEPIGUE OUTDOOR ADVERTISING CORP., Respondent, and LONG ISLAND RAILROAD et al., Appellants and Third-Party Plaintiffs-Respondents. SERVICE SIGN ERECTORS, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [619 NYS2d 657] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his

notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated January 28, 1993, as denied his motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240, and (2) the defendants Long Island Railroad and Ammni-America, Inc. cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly determined that there are questions of fact which preclude an award of partial summary judgment in his favor on the issue of liability pursuant to Labor Law § 240 (1). Indeed, a factual issue exists with regard to whether the plaintiff refused to make use of an available safety device provided by his employer, a circumstance which might bar recovery under the statute (see generally, Gordon v Eastern Ry. Supply, 82 NY2d 555; Cannata v One Estate, 127 AD2d 811). Likewise, there is a question of fact with respect to which of the various defendants would qualify as owners of the premises under Labor Law § 240 (1). We note that the term "owner" has been held to include, inter alia, those entities with interests in the property which have the right, as a practical matter, to hire and fire the subcontractors and to insist that proper safety practices are followed (see generally, Wendel v Pillsbury Corp., 205 AD2d 527; Mangiameli v Galante, 171 AD2d 162; DeFreece v Penny Bag, 137 AD2d 744). In this regard, it is possible that both the entity which owns the billboard on which the plaintiff was working and the entity which owns the property upon which the billboard was erected could properly be considered "owners" under the Labor Law (see, Gordon v Eastern Ry. Supply, supra; Ampolini v Long Is. Light. Co., 186 AD2d 772).

The defendants' remaining contentions regarding the inapplicability of Labor Law § 240 (1) are without merit.

The defendants Long Island Railroad and Ammni-America, Inc. failed to demonstrate that they lacked the authority to direct or control the plaintiff's work so as to relieve them of any potential liability under Labor Law § 200 and for common-law negligence (see generally, Edwards v Twenty-Four Twenty-Six Main St. Assocs., 195 AD2d 592; Copertino v Ward, 100 AD2d 565).

With respect to the parties' remaining contentions, we discern no basis for disturbing the Supreme Court's determination that issues of fact exist which preclude summary judgment. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.