Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ JEFFREY S. OGDEN et al., Appellants, v CITY OF HUDSON INDUSTRIAL DEVELOPMENT AGENCY, Respondent. [716 NYS2d 745] —Cardona, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 8, 2000 in Columbia County, which partially granted defendant's motion for summary judgment and denied plaintiffs' cross motion for partial summary judgment.

In accordance with consent orders issued by the Department of Environmental Conservation, the County of Columbia was charged with the responsibility to close a landfill located in the City of Hudson, Columbia County. In 1995, defendant conveyed certain property near the landfill to the County to facilitate closure. Between 1995 and 1997, the County engaged in closure activities requiring, *inter alia*, the use of clay mined at an adjacent site owned by the City of Hudson to cap the landfill. As part of the work, the County set up a staging area near the landfill upon which a construction trailer containing items of loose equipment and keys to heavy equipment was located. The entrance to the trailer was four to five feet above the ground necessitating the construction of a temporary stairway by County employees to access it.

On May 14, 1997, plaintiff Jeffrey S. Ogden (hereinafter plaintiff), an equipment operator employed by the County, entered the construction trailer to obtain keys to a dump truck. While exiting the trailer, he lost his footing on the stairway and fell to the ground. Although the exact location of the trailer is in dispute, there is evidence that a portion of it and the stairway were located upon property retained by defendant.

Following the accident, plaintiff and his wife commenced this action against defendant alleging causes of action premised upon, *inter alia*, Labor Law §§ 240 and 241 (6) as well as common-law negligence. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment on the issue of defendant's liability under Labor Law §§ 240 and 241 (6). Supreme Court, *inter alia*, granted defendant's motion and dismissed plaintiffs' claims under Labor Law §§ 240 and 241 (6). The court also dismissed plaintiffs' claim alleging common-law negligence. This appeal by plaintiffs ensued.

It is well settled that, in order to recover under the provisions of Labor Law §§ 240 and 241 (6), " 'a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' " (*Marchese v Grossarth*, 232 AD2d 924, 925, *lv denied* 89 NY2d 809, quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971; *see, Brown v Christopher St. Owners Corp.*, 211 AD2d 441, 442, *affd* 87 NY2d 938; *D'Argenio v Village of Homer*, 202 AD2d 883, 884). For purposes of the above provisions, an owner is one " 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit' " (*Mangiameli v Galante*, 171 AD2d 162, 163, quoting *Copertino v Ward*, 100 AD2d 565, 566; *see, Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856). Notably, "[t]he key criterion is 'the right to insist that proper safety practices were followed and it is the right to control the work that is significant' " (*Nowak v Smith & Mahoney*, 110 AD2d 288, 290, quoting *Copertino v Ward*, *supra*, at 567).

In the case at hand, there is no evidence that defendant had anything to do with contracting the work or had any right to control the manner in which it was performed. According to affidavits submitted by defendant, defendant was an agency independent of the City and County and did not give either entity the authority to conduct activities on the subject property on its behalf. Moreover, defendant did not give the County permission to place the trailer or stairway at any location and was unaware that they were located on its property at the time of the accident. Furthermore, defendant did not have any involvement in the closure of the landfill. Inasmuch as plaintiffs did not submit any proof to controvert this evidence, Supreme Court properly concluded that defendant was not an owner within the meaning of Labor Law §§ 240 and 241 (6) (*see, Ceballos v Kaufman*, 249 AD2d 40; *Mangiameli v Galante*, *supra*).

Furthermore, while plaintiffs also premise liability on the fact that the stairway was slippery due to the presence of mud and moisture, there is no proof in the record that defendant had either actual or constructive notice of that condition (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838). Consequently, dismissal of plaintiffs' common-law negligence claim based upon such condition was also proper.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.