■ PATRICK BATEMAN et al., Plaintiffs, v SUSQUEHANNA VALLEY CENTRAL SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Appellant. TOWN OF BINGHAMTON, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [734 NYS2d 704] —Mercure, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered February 13, 2001 in Broome County, which, *inter alia*, granted a motion by third-party defendant Town of Binghamton for summary judgment dismissing the third-party complaint against it.

Plaintiff Patrick Bateman (hereinafter plaintiff) sustained the injuries forming the basis for this action in a July 9, 1996 construction accident at Brookside Elementary School in the Town of Conklin, Broome County. In 1995, the school, which is within defendant, Susquehanna Valley Central School District, was involved in the installation of a new playground structure. Because of concerns about the proximity of the playground to an existing baseball field, the school requested that third-party defendant Town of Binghamton (hereinafter the Town) donate money for the construction of a new backstop on school property. The Town agreed to help grade the new playground area, remove the old backstop and fund the purchase and installation of the new backstop. In May 1995, the Town entered into a written contract with third-party defendant Winans Fence Company for the installation of the new backstop, and

Town employees removed the old backstop and graded the playground area. Due to some misunderstanding or difference of opinion concerning the appropriate location for the new backstop, the actual installation was put off for over a year, until July 1996. It was during the course of Winans' eventual installation of the new backstop that plaintiff, one of its employees, was injured.

Plaintiffs' complaint against defendant pleads causes of action under Labor Law §§ 200, 240 (1) and § 241 (6). Defendant asserted third-party claims against the Town and Winans for contribution and indemnification. Following joinder of issue, the Town moved for summary judgment dismissing the third-party action against it upon the ground that it was neither an owner or general contractor, nor exercised any control over the installation of the backstop. Supreme Court granted the motion and dismissed the third-party complaint against the Town. Defendant appeals.

We affirm. In our view, the evidence presented on the summary judgment motion raised no material question of fact concerning the Town's status as an owner or general contractor or its right to supervise or control the installation of the backstop. In fact, as related to the installation of the backstop, which of course was the activity giving rise to plaintiff's injuries, the record establishes that the Town's sole involvement was to solicit proposals for the work, come to terms on price and ultimately provide payment therefor.

Defendant is correct in its assertion that the meaning of the term "owners" in Labor Law § 240 (1) has not been strictly limited to titleholders but " 'has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for [its] benefit' " (*Mangiameli v Galante*, 171 AD2d 162, 163-164, quoting *Copertino v Ward*, 100 AD2d 565, 566). Nonetheless, an indispensable prerequisite to such a finding is that the party to be cast in the role of "owner" had "the right to insist that proper safety practices were followed and it is the right to control the work that is significant" (*Copertino v Ward, supra*, at 567; *see, Ogden v City of Hudson Indus. Dev. Agency*, 277 AD2d 794, 795; *Mangiameli v Galante, supra*, at 163-164). In this case, we cannot see where the Town had any such right. To the contrary, the instrument embodying the Town's acceptance of Winans' "proposal" granted no such authority, and it is undisputed that the Town had nothing whatsoever to do with the installation of the backstop, the location of which was directed by a representative of defendant. Nor may defendant

rely upon the Town's involvement in the removal of the old backstop and grading of the playground area, which were performed as a favor to defendant more than a year prior to the subject accident and which had no discernible relationship to the installation of the new backstop or causal connection to the injuries sustained by plaintiff.

Furthermore, based upon our conclusion that the Town lacked authority to direct or control the work, we also reject defendant's contentions that the Town acted in the role of "general contractor" or that liability may be imposed under Labor Law § 200 (*see, Soshinsky v Cornell Univ.*, 268 AD2d 947). The parties' remaining contentions have been considered and found either lacking in merit or academic.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.