■ MICHAEL LACEY et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent. (And a Third-Party Action.) [741 NYS2d 558] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 30, 2000, as denied that branch of their motion which was for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action, and (2) a judgment of the same court, entered December 13, 2000, as is in favor of the defendant and against them dismissing the Labor Law § 240 (1) cause of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The injured plaintiff, a NYNEX employee, was working on a residential telephone line when he fell from a ladder placed against a utility pole owned by the defendant Long Island Lighting Company (hereinafter LILCO). The injured plaintiff and his wife commenced this action against LILCO alleging, inter alia, violation of Labor Law § 240 (1). The plaintiffs subsequently moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). LILCO cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and granted LILCO's cross motion for summary judgment dismissing the complaint finding that LILCO was not an "owner" within the meaning of the statute.

An "owner" within the meaning of the Labor Law is not

limited to the titleholder of the property but also includes one who "has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (*Copertino v Ward,* 100 AD2d 565, 566; *see Lynch v City of New York,* 209 AD2d 590). The key in determining whether a non-titleholder is an "owner" is the "right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control" (*Copertino v Ward, supra* at 567; *see Lynch v City of New York, supra*).

Under the circumstances of this case, LILCO is not the "owner" of the telephone lines which were being repaired or altered by the injured plaintiff at the time of his accident (*see* Labor Law 240 [1]). S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.