OPINION OF THE COURT
Howard Berler, J.
Ordered that this motion by the plaintiff for summary judgment against the defendant Hampton Bays Shell Station on *213 the issue of liability under section 240 (1) of the Labor Law is granted.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when, on January 24, 1997, while in the employ of NYNEX or Bell Atlantic Corp., he fell when the pole against which his ladder was leaning gave way causing the ladder and him to fall to the ground. At issue upon the current application is the extent to which the defendant Hampton Bays Shell Station (Hampton Bays) can be held strictly liable pursuant to Labor Law § 240 (1).
The defendant Hampton Bays was a lessee of the subject premises at which it operated its gas station and repair shop business. It entered into a contract with the defendant Telepath Communications, Inc. (Telepath) pursuant to which Telepath would install pay telephones on the property leased by Hampton Bays. Hampton Bays was to receive a commission of 25% of net profits from the use of the telephones. Installation of the telephones was the responsibility of Telepath under the contract.
As part of the installation process, two poles to accommodate the telephone lines were set in cement. The following day, apparently before the cement had fully hardened and set, the accident giving rise to the plaintiffs injuries occurred.
Labor Law § 240 (1) provides:
“All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
The pole on which the plaintiff was working was a structure within the meaning of this statute, and the work he was performing and the nature of the accident bring this incident within the coverage of Labor Law § 240 (1) (see, Lewis-Moors v Contel of N.Y., 167 AD2d 732 [3d Dept 1990], affd 78 NY2d 942 [1991]).
The only issue that the defendant Hampton Bays has put in dispute in opposition to the current application is whether the *214 defendant Hampton Bays, after contracting with the defendant Telepath, and having turned over control of the telephone installation project to Telepath, remained a party subject to the strict liability of Labor Law § 240 (1). The court concludes that under the facts of this case it does remain liable under Labor Law § 240 (1).
The fact that the defendant Hampton Bays held the land as a lessee rather than as a fee owner does not preclude the application of Labor Law § 240 (1) (see, Sinzieri v Expositions, Inc., 270 AD2d 332 [2d Dept 2000]; Guzman v L.M.P. Realty Corp., 262 AD2d 99 [1st Dept 1999]). “The statute may * * * apply to a lessee, where the lessee had the right or authority to control the work site. While one way to prove such control of the work site is through evidence that the lessee actually hired the general contractor, the right to control the work site may be proved by other means, such as contractual or statutory provisions granting such right” (Bart v Universal Pictures, 277 AD2d 4, 5 [1st Dept 2000 [citations omitted]). Thus, although its status as a lessee does not preclude application of the statute, it remains necessary to examine the surrounding facts and circumstances to determine if liability may be imposed under Labor Law § 240 (1).
Under one test the liability of the defendant Hampton Bays is not readily apparent. For example, in Lynch v City of New York (209 AD2d 590, 591 [2d Dept 1994]) the Court said, “the term ‘owner’ has been held to include, inter alia, those entities with interests in the property which have the right, as a practical matter, to hire and fire the subcontractors and to insist that proper safety practices are followed.” The extent to which the defendant Hampton Bays may have been in a position to hire and fire the subcontractors and to insist that proper safety practices be followed is not clear. While there seems no dispute that the defendant Hampton Bays was not actively supervising the work in any fashion, the record does not definitively establish whether it could have demanded that work, which it may have deemed to be proceeding in an improper or dangerous manner on its property, stop. Under the contract, however minimal it may have been, the defendant Hampton Bays had at least some input with respect to the work to be done inasmuch as it was aware of the work being done and, as provided in the contract, was consulted as to the placement of the poles, which was to be in a “mutually agreeable space” (cf., Ogden v City of Hudson Indus. Dev. Agency, 277 AD2d 794 [3d Dept 2000]).
*215 However, Labor Law § 240 (1) may be examined in another way. The fact that the defendant Hampton Bays was to receive financial benefit from the installation of the pay telephones is of great significance. “[W]hen courts have been called upon to consider the meaning of ‘owners’ under section 241 of the Labor Law the definition has not been limited to the titleholder. The term has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit” (Copertino v Ward, 100 AD2d 565, 566 [2d Dept 1984]; accord, e.g., Kane v Coundorous, 293 AD2d 309 [1st Dept 2002]; see also, Ampolini v Long Is. Light. Co., 186 AD2d 772 [2d Dept 1992]).
In the court’s view, it does not matter whether the defendant Telepath approached the defendant Hampton Bays with the proposal to install the telephones, rather than the reverse scenario. The relationship between them was governed by their contract and the benefit to the defendant Hampton Bays was no different under the contract than it would have been if the defendant Hampton Bays approached the defendant Telepath with the proposal to install such telephones, thus taking the initiative in trying to increase income to itself. Here, inasmuch as the defendant Hampton Bays was to receive a commission for having the pay telephones on its premises, the work was, in part, for its benefit.
Accordingly, the plaintiff is entitled to summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendant Hampton Bays.