◼ MICHAEL ELLENBAST, Appellant, v JESSE WATKINS et al., Defendants, and UNKECHAUG INDIAN NATION OF POOSPATUCK INDIANS, Respondent. [821 NYS2d 275]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 4, 2004, which granted the motion of the defendant Unkechaug Indian Nation of Poospatuck Indians to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, it is not necessary for an Indian tribe to have attained federal recognition in order to successfully assert its sovereign immunity from suit, so long as the tribe has "tribal status" (*Native Village of Tyonek v Puckett,* 957 F2d 631, 634-635 [1992]; *see Mashpee Tribe v Secretary of Interior,* 820 F2d 480, 482-483 [1987]; *Bottomly v Passamaquoddy Tribe,* 599 F2d 1061, 1065 n 5 [1979]; *New York v Shinnecock Indian Nation,* 400 F Supp 2d 486 [2005]). The Poospatuck Indian tribe has been recognized by the State of New York pursuant to Indian Law § 150, and its history appears in both case law and the plaintiff's submissions (*see Matter of District Attorney of Suffolk County v Nelson,* 68 Misc 2d 614, 616 [1972]; *New York v Shinnecock Indian Nation, supra*).

The Poospatuck Indian tribe meets the definition of a tribe set forth in *Montoya v United States* (180 US 261, 266 [1901]), and therefore cannot be sued in New York courts without its consent (*see Kiowa Tribe of Okla. v Manufacturing Technologies, Inc.,* 523 US 751, 754 [1998]; *Three Affiliated Tribes of Fort Berthold Reservation v Wold Engineering, P.C.,* 476 US 877, 891 [1986]; *Matter of Ransom v St. Regis Mohawk Educ. & Community Fund,* 86 NY2d 553, 560 [1995]). No waiver of

sovereign immunity occurred here, and the Supreme Court properly dismissed the complaint insofar as asserted against the tribe for lack of subject matter jurisdiction (*see Santa Clara Pueblo v Martinez*, 436 US 49, 58 [1978]; *Matter of Ransom v St. Regis Mohawk Educ. & Community Fund, supra* at 561). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.