■ Roger Alexander et al., Respondents, v Fabian M. Hart et al., Appellants. [884 NYS2d 181]—

---

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 11, 2008 in Franklin County, which, among other things, granted plaintiffs' motion for partial summary judgment.

Plaintiff Roger Alexander (hereinafter plaintiff), a service technician, fell while working on a rooftop heating, ventilation and air conditioning unit (hereinafter HVAC) at defendants' fitness center on the St. Regis Mohawk Reservation in Franklin County. To recover for his injuries, plaintiff and his wife commenced this action alleging, among other things, violations of Labor Law § 240 (1) and § 241 (6). Plaintiffs moved for summary judgment on the issue of liability pursuant to those two statutes. Defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion for partial summary judgment and denied defendants' cross motion. Defendants appeal.

Plaintiff's Labor Law causes of action are not barred merely because the accident occurred on an Indian reservation. Congress has ceded the federal government's jurisdiction over Indian matters to the extent of permitting the New York State courts to exercise jurisdiction in civil actions and proceedings involving Indians just as it would any "other civil actions and proceedings, as now or hereafter defined by the laws of such State" (25 USC § 233; *see Snyder v Abrams*, 214 AD2d 991, 991 [1995]; *Matter of Anichinapeo v Bennett & Sons*, 65 AD2d 105, 106-107 [1978], *lv denied* 46 NY2d 709 [1979], *cert denied* 444 US 830 [1979]; *see also* Indian Law § 5).* While the federal statute shall not be construed "to prevent such courts from recognizing and giving effect to any tribal law or custom which may be proven to the satisfaction of such courts" (25 USC § 233; *see Matter of District Attorney of Suffolk County v Nelson*, 68 Misc 2d 614, 618 [1972]; *Bennett v Fink Constr. Co.*, 47 Misc 2d 283, 284-285 [1965]), the burden of proving the existence of applicable tribal law falls on the party seeking to apply that law

* While the individual defendants are apparently members of the St. Regis Mohawk nation and plaintiffs are not, both the federal and state statutes authorize jurisdiction over civil actions "between Indians or between one or more Indians and any other person or persons" (25 USC § 233; *see* Indian Law § 5).

(*see People v Anderson*, 137 AD2d 259, 269 [1988]). Unless applicable tribal law is proven to the court's satisfaction, "the civil laws of New York apply to St. Regis Indians except as limited" by the federal statute itself (*State Tax Commn. v Barnes*, 14 Misc 2d 311, 313 [1958]; *see John v Hoag*, 131 Misc 2d 458, 468-469 [1986] [applying New York tort law in action between two Indians]). Defendants have not proffered any St. Regis Mohawk tribal law concerning liability for injured workers. Thus, we apply the civil laws of New York to this action.

State courts do not violate an Indian nation's sovereign right to self-government by exercising jurisdiction over disputes between private civil litigants on matters that have no bearing on the internal affairs of the tribal nation's government (*see Seneca v Seneca*, 293 AD2d 56, 58-59 [2002]; *People v Anderson*, 137 AD2d at 270; *Parry v Haendiges*, 458 F Supp 2d 90, 96-97 [WD NY 2006]). Jurisdiction is proper in this action involving statutes aimed at protecting workers, as the statutes and this action address commercial and tort matters between individual civil litigants and do not implicate the St. Regis Mohawk nation's government or sovereign rights (*see Seneca v Seneca*, 293 AD2d at 58-59).

Defendants Fabian M. Hart and Fabian M. Hart, Inc. are subject to Labor Law § 240 (1) and § 241 (6) as owners of the property where the accident occurred. Defendants contend that they are not owners under these sections of the Labor Law because the reservation is owned by the United States government in trust for the St. Regis Mohawk nation. But the definition of "owners" under these Labor Law sections "has not been limited to the titleholder. The term has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984] [citations omitted]; *see Bateman v Susquehanna Val. Cent. School Dist.*, 289 AD2d 852, 853 [2001]; *Ogden v City of Hudson Indus. Dev. Agency*, 277 AD2d 794, 795 [2000]; *Mangiameli v Galante*, 171 AD2d 162, 163 [1991]). Under a document entitled "Saint Regis Mohawk Indian Reservation Right to Use and Occupancy Deed," signed by Fabian Hart, the prior possessor of the land, and the tribal council chiefs, Fabian Hart was granted full rights of use and occupancy to the land upon which the fitness center was built (*see* Indian Law § 102). Defendants paid for these property rights, paid to have the fitness center built and contracted with plaintiff's employer for improvements to the fitness center's HVAC. Fabian M. Hart, Inc. owned the business operated on the property, receiving the benefit of the

improvements to the fitness center. While defendant Gail Hart is Fabian Hart's wife and an officer of Fabian M. Hart, Inc., she has no personal ownership interest in the land or building and cannot be considered an owner of the property merely through her ownership interest in the corporate defendant. Thus, while Fabian Hart and Fabian M. Hart, Inc. qualify as owners under Labor Law § 240 (1) and § 241 (6), Gail Hart is entitled to dismissal of this action because she is not an owner of the property.

Plaintiff was engaged in an activity covered by Labor Law § 240 (1). Labor Law § 240 (1) applies to workers engaged in enumerated activities, including repairing a building or structure. Repairing is distinguished from the uncovered activity of routine maintenance, which involves "replacing components that require replacement in the course of normal wear and tear" (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]). Here, plaintiff was at the fitness center on a service call, not for regularly scheduled maintenance (*see Izrailev v Ficarra Furniture of Long Is.*, 70 NY2d 813, 815 [1987]; *compare Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 987 [2009], *with Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1137 [2006]; *but see Barbarito v County of Tompkins*, 22 AD3d 937, 939 [2005], *lv denied* 7 NY3d 701 [2006]). While he had replaced cracked belts and was unsure if he had replaced a motor that day, his activities were not routine maintenance (*compare Smith v Shell Oil Co.*, 85 NY2d 1000, 1001 [1995]). The record demonstrates that defendants had not provided maintenance to the HVAC system for over three years, leaving it nonfunctional and in a serious state of disrepair (*compare Barbarito v County of Tompkins*, 22 AD3d at 938-939). Even after plaintiff's accident, indeed after many months and numerous additional service calls by plaintiff's employer, the system was still not functioning. On the day of his accident, plaintiff was troubleshooting and fixing problems that he encountered as part of an effort to restore the HVAC system to working order and, as such, he was not merely replacing parts that were worn out from regular use (*compare Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004]). Under the circumstances, considering what plaintiff was doing and the work that needed to be done to the system, his activities constituted covered repairing of a structure rather than routine maintenance (*cf. Pakenham v Westmere Realty, LLC*, 58 AD3d at 987-988). Thus, his activities were the type of work protected under Labor Law § 240 (1).

Plaintiff's work, however, was not a covered activity under Labor Law § 241 (6). As that statute is limited to protect workers involved in construction, excavation or demolition work and no such work was being performed at the time of plaintiff's accident, the Labor Law § 241 (6) cause of action must be dismissed (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d at 528; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 102-103 [2002]; *Pakenham v Westmere Realty, LLC*, 58 AD3d at 988).

Defendants contend that plaintiff's own actions, namely using an inadequate ladder and failing to use a safety harness that was in his van, were the sole proximate cause of his accident. Plaintiff's uncontroverted deposition testimony established that the safety harness could not be properly used in this situation and that no ladder on the premises would have been adequate to reach the roof hatch. A worker's contributory negligence is irrelevant unless it, and not any statutory violation, is the sole proximate cause of the accident (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-292 [2003]). In these circumstances, defendant's Labor Law violations were proximate causes of plaintiff's accident (*see Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1071 [2009]; *Dalaba v City of Schenectady*, 61 AD3d 1151, 1152 [2009]; *compare Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]).

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiffs' motion for partial summary judgment on the Labor Law § 241 (6) cause of action as to all defendants and on all causes of action as to defendant Gail Hart and (2) denied that part of defendants' cross motion for summary judgment seeking dismissal of the complaint against Gail Hart; plaintiffs' motion denied to said extent and cross motion granted to the extent of dismissing the complaint against Gail Hart and dismissing the Labor Law § 241 (6) cause of action against all defendants; and, as so modified, affirmed.