Villalta v Consolidated Edison Co. of N.Y., Inc. (2021 NY Slip Op 05183)





Villalta v Consolidated Edison Co. of N.Y., Inc.


2021 NY Slip Op 05183


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 150166/18 Appeal No. 14237 Case No. 2021-00144 

[*1]Robert V. Villalta, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant, Verizon New York Inc. et al., Defendants-Respondents.


Law Office of Stefano A. Filippazzo, P.C., Brooklyn (Louis A. Badolato of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for respondents.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 23, 2020, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim as against the Verizon defendants (Verizon), unanimously modified, on the law, upon a search of the record, to grant summary judgment to Verizon dismissing the claim as against it, and otherwise affirmed, without costs.
Plaintiff, a cable-service repairman employed by a nonparty cable company, seeks to recover damages for injuries he allegedly sustained in a fall from the ladder he had propped up against a telephone pole owned by Verizon while he was inspecting storm-damaged cable equipment supported by the pole.
While the telephone pole is a structure withing the meaning of Labor Law § 240(1), and plaintiff's work replacing the damaged cable equipment and reconfiguring its support system using J-hooks and anchors affixed to the utility pole amounted to repairs and/or an alteration to the equipment, Verizon is entitled to summary dismissal of the complaint as against it because there is no evidence that it contracted for, directed or controlled, or benefitted from the work plaintiff was performing for the cable company at the time he was injured or that it was acting in the capacity of an accountable "owner" within the meaning of the statute (see Sarigul v New York Tel. Co., 4 AD3d 168 [1st Dept 2004], lv denied 3 NY3d 606 [2004]; Fuller v Niagara Mohawk Power Corp., 213 AD2d 986 [4th Dept 1995], lv denied 86 NY2d 708 [1995]; see also Lacey v Long Is. Light. Co., 293 AD2d 718 [2d Dept 2002]). Further, there is no evidence to support an inference that Verizon had a right to insist that plaintiff followed proper safety practices in the performance of his work (see Sarigul, 4 AD3d at 170).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021