■ KENNETH GILE et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. [708 NYS2d 188] —Crew III, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered October 26, 1999 in Rensselaer County, which, *inter alia,* partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Kenneth Gile, an employee of C.P. Mangona and

---

Sons, was injured while aiding in the construction of a concrete pump base at a facility owned by defendant in the Town of Waterford, Saratoga County. In constructing the pump base, Gile and fellow employees of Mangona dug a hole approximately three feet deep, six feet long and three feet wide. Metal-framed forms that were approximately four feet high, six feet long and two feet wide were placed in the hole, which was then partially backfilled. Two by fours, known as whalers, were placed around the form approximately six inches below the top of the form in order to shore up the hole. As such, the whalers were approximately four inches to six inches above ground level.

On the day of the accident, Gile and his co-workers were aiding in pouring concrete into the form. As Gile was helping to remove cement from the chute of a cement truck, he slid from the whaler upon which he was standing and dropped, feet first, into the hole striking the side of his body on the whaler as he fell. The record reveals that the distance from the whaler to the bottom of the hole was between 18 inches and 36 inches. Apparently, Gile slipped because the whaler upon which he was standing was wet.

Gile and his spouse, derivatively, commenced this action claiming violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment on their Labor Law § 240 (1) claim and to amend their bill of particulars to assert claims for a violation of certain safety regulations in connection with their Labor Law § 241 (6) claim. Supreme Court granted defendant's motion by dismissing plaintiffs' Labor Law §§ 200 and 240 (1) claims and denied plaintiffs' cross motion. This appeal by plaintiffs ensued.

Initially, plaintiffs contend that Supreme Court erred in dismissing their Labor Law § 240 (1) cause of action, arguing that the statute encompasses the risk created by Gile's use of the whaler. We disagree. The record makes plain that the whaler upon which Gile stood in order to more conveniently reach the cement chute with his shovel was not intended for such use. Furthermore, the whaler was a mere four inches to six inches above ground level, which hardly constituted an elevated work site exposing Gile to the types of hazards contemplated by Labor Law § 240 (1) (see, D'Egidio v Frontier Ins. Co., 270 AD2d 763, 765). Simply stated, this case presents nothing more than a laborer who slipped and fell into a ditch or trench that was considerably less than three feet deep—an occurrence that repeatedly has been found not to be protected

by Labor Law § 240 (1) (*see, e.g., Bradshaw v National Structures*, 249 AD2d 921; *Duke v Eastman Kodak Co.*, 248 AD2d 990).

Next, plaintiffs contend that Supreme Court erred in denying their motion to amend their bill of particulars to include a violation of 12 NYCRR 23-1.22, which requires that runways and ramps for use of persons be at least 18 inches in width. While it is well settled that leave to amend a pleading should be freely given (*see, Hanchett v Graphic Techniques*, 243 AD2d 942, 943), it is equally well settled that Supreme Court need not permit an amendment that clearly is lacking in merit (*see, New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866). Inasmuch as the whalers could in no way be considered ramps or runways used for pedestrian traffic, Supreme Court quite properly denied plaintiffs' motion (*see, Curley v Gateway Communications*, 250 AD2d 888, 892).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.