JOHN H. PURSEL, JR., et al., Appellants-Respondents, v WELLCO, INC., et al., Respondents-Appellants. WELLCO, INC., et al., Third-Party Plaintiffs, v WAYNE PRINT UP AND ASSOCIATES, INC., Third-Party Defendant-Respondent-Appellant. [775 NYS2d 626]—

Appeal and cross appeals from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered July 16, 2003. The order denied plaintiffs' motion for partial summary

judgment on liability on the Labor Law § 240 (1) claim and denied defendants' and third-party defendant's cross motions for summary judgment dismissing that claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motions and dismissing the Labor Law § 240 (1) claim and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. The court erred, however, in denying the cross motions of defendants and third-party defendant seeking summary judgment dismissing that claim, and thus we modify the order accordingly. Plaintiff John H. Pursel, Jr. was injured when he slipped on snow and ice while walking along a footer and fell into an excavation approximately six feet deep. "The hazards contemplated by Labor Law § 240 (1) are those where safety devices are required because of a difference in elevation levels . . . A worker who falls into a trench from the side is not covered by Labor Law § 240 (1) because such an injury results from the usual and ordinary dangers of a construction site" (*Gottstine v Dunlop Tire Corp.*, 272 AD2d 863, 864 [2000]; *see Mancini v Pedra Constr.*, 293 AD2d 453, 454 [2002]; *Gile v General Elec. Co.*, 272 AD2d 833, 834-835 [2000]; *Bradshaw v National Structures*, 249 AD2d 921 [1998]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.