■ Jose L. Berrios, Appellant, v TEG Management Corp., Appellant, and Manchester, LLC, Respondent. [777 NYS2d 163]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated June 16, 2003, as denied his cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), granted that branch of the cross motion of the defendant Manchester, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendant TEG Management Corp. which was to direct him to produce a certain audiotape, and the defendant TEG Management Corp. appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of the defendant Manchester, LLC, which was for summary judgment dismissing all cross claims asserted against it.

Ordered that the order is affirmed insofar as appealed from with one bill of costs payable by the appellant and the respondent-appellant to the respondent Manchester, LLC.

The defendant TEG Management Corp. (hereinafter TEG) owned an apartment building which had an upper floor that was damaged in a fire. TEG retained Disaster Masters Crisis Management (hereinafter Disaster Masters) to perform certain

repairs to the roof of the building. To gain access to the roof of TEG's building, the plaintiff, an employee of Disaster Masters, brought a ladder onto the roof of an adjacent building owned by the defendant Manchester, LLC (hereinafter Manchester), claiming that the superintendent of Manchester's building gave him permission to do so. The plaintiff placed the legs of the ladder on the roof of Manchester's building and leaned it against the side of TEG's building. As he was standing on the top rung of the ladder making repairs to the roof of TEG's building, the ladder allegedly slipped, causing him to fall onto the roof of Manchester's building.

Contrary to the contentions of the plaintiff and TEG, the Supreme Court properly found that Manchester was not an "owner" within the meaning of Labor Law § 240 (1) and § 241. Manchester was not an entity which "ha[d] an interest in the property and who fulfilled the role of owner by contracting to have work performed for [its] benefit" (*Mangiameli v Galante*, 171 AD2d 162, 163 [1991] [internal quotation marks omitted]; *see Copertino v Ward*, 100 AD2d 565 [1984]). The significant factor is the "right to insist that proper safety practices were followed"; that is, "the right to control the work" (*Copertino v Ward, supra* at 567; *see Mangiameli v Galante, supra* at 163-164). Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against Manchester, and properly granted Manchester's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

With respect to that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against TEG, the Supreme Court correctly concluded that, in response to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, TEG raised a triable issue of fact regarding the proximate cause of the plaintiff's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.