■ DENNIS R. BILLMAN, Respondent-Appellant, v CLF MANAGEMENT, Defendant, and ANJO CORP., Appellant-Respondent. [796 NYS2d 151]—

In an action to recover damages for personal injuries, the defendant Anjo Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated May 19, 2004, as denied those branches of its cross motion which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the cross motion of the defendant Anjo Corp. which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it are granted, the complaint is dismissed in its entirety insofar as asserted against the appellant, and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant Anjo Corp.

This action arises from an accident which occurred during the performance of roof repair work on January 15, 2002, at 585-589 Fulton Avenue and 591 Fulton Avenue in Hempstead, New York. The defendant CLF Management (hereinafter CLF) owned the single building known as 591 Fulton Avenue (hereinafter the CLF building), while the defendant Anjo Corp. (hereinafter Anjo) owned the building at 585-589 Fulton Avenue (hereinafter the Anjo building). A narrow alley separated the two buildings. CLF and Anjo are owned and operated by the same three principals, two of whom also own Premier Roofing Co., Inc., the plaintiff's employer. The various business entities were all separate corporations.

On the date of the accident, the plaintiff was engaged in removing and replacing fascia boards on the roofs of the Anjo building and the CLF building. The plaintiff and a coworker successfully completed the work on the Anjo building. However, while working on the CLF building, the plaintiff was injured when he stepped from the top of a roll-up door attached to the CLF building onto a ladder which kicked out sideways and fell.

Contrary to the contention of the plaintiff, the Supreme Court improperly determined that Anjo was an "owner" of the CLF building within the meaning of Labor Law § 240 (1) and § 241 (6). Although Anjo and CLF shared common owners and principals, these two entities were distinct corporations. Thus, Anjo was not an entity which had "an interest in the property and [which] fulfilled the role of owner by contracting to have work performed [on the CLF building] for [its] benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984]), even though the work performed on both buildings was arranged for at the same time by the same principals of both corporations (*see Berrios v TEG Mgt. Corp.*, 7 AD3d 555 [2004]; *Mangiameli v Galante*, 171 AD2d 162 [1991]). Rather, the critical factor in determining whether a party is an "owner" is whether it "possessed the

'right to insist that proper safety practices were followed'; that is, 'the right to control the work' " (*Berrios v TEG Mgt. Corp., supra* at 556, quoting *Copertino v Ward, supra* at 567; *see Mangiameli v Galante, supra* at 163-164). There is no evidence that Anjo had the authority to control the work performed on the CLF building. Accordingly, Anjo is entitled to summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it. As the remaining cause of action against Anjo was dismissed by the order dated May 19, 2004, and the plaintiff abandoned its cross appeal therefrom, the complaint must be dismissed in its entirety insofar as asserted against Anjo. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.