ARTUR RYBA, Respondent, v JOAQUIM ALMEIDA et al., Defendants, PERAL REALTY CORP., Appellant, and ROCHRIS REAL ESTATE CORP. et al., Respondents. (And a Third-Party Action.) [815 NYS2d 623]—

In an action to recover damages for personal injuries, the defendant Peral Realty Corp. appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), entered July 29, 2005, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This action arises as a result of the plaintiff's fall from a scaffold on May 17, 2003 while he was applying stucco to an exterior wall of a single-family house which was under construction. The property was owned by the defendants Joaquim Almeida and his wife, Maria Almeida, and the house was to serve as their personal residence.

The defendant Peral Realty Corp. (hereinafter Peral), a real estate business, owns and manages three or four rental properties in Spring Valley. Joaquim Almeida is Peral's owner and president. Peral used the address of the property where the accident occurred as its mailing address.

Contrary to the plaintiff's contention, Peral established, as a matter of law, that it was not an "owner" within the meaning of Labor Law §§ 200, 240 (1), and § 241 (6). An owner "has an interest in the property and . . . fulfil[s] the role of owner by contracting to have work performed for [its] benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984]). The key factor in determining whether a non-titleholder is an "owner" is the "right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control" (*Copertino v Ward, supra* at 567; *see Billman v CLF Mgt.*, 19 AD3d 346, 347-348 [2005]; *Berrios v TEG Mgt. Corp.*, 7 AD3d 555, 556 [2004]). Peral did not contract to have the work performed and there is no evidence that Peral had any authority to direct or control the work at the construction site (*see Berrios v TEG Mgt. Corp., supra; Wendel v Pillsbury Corp.*, 205 AD2d 527 [1994]).

Peral also established, as a matter of law, that it did not own the property, control the property, or control the work and, therefore, owed no duty to the plaintiff which could give rise to a cause of action sounding in common-law negligence (*see White v New York City Tr. Auth.*, 308 AD2d 341, 343 [2003]).

In opposition, the plaintiff did not raise a triable issue of fact.

Accordingly, Peral was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.