■ DUANE KALETA, Respondent-Appellant, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant-Respondent, and BARDEN HOMES OF WESTERN NEW YORK, Respondent, et al., Defendants. [837 NYS2d 824]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered March 23, 2006 in a personal injury action. The order granted the motion of defendant Masterpiece Builders, LLC, incorrectly sued as Barden Homes of Western New York, for summary judgment dismissing the amended complaint against it, granted in part the motion of defendant New York State Electric & Gas Corporation for summary judgment dismissing the amended complaint against it and denied plaintiff's cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in its entirety the motion of defendant New York State Electric & Gas Corporation and dismissing the amended complaint against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a field technician employed by Verizon New York (Verizon), commenced this action seeking damages for injuries he sustained when he fell into a three-foot-

deep drainage ditch that was overgrown with grass and weeds. Plaintiff and a coworker had been assigned the task of detaching a telephone wire from one utility pole and raising the telephone wire onto two newly erected poles, and they were then to remove and demolish the older pole. The telephone wire was being relocated because the older pole was too close to a proposed driveway for a home to be constructed by defendants Robert Riley and Patricia Riley using components manufactured by defendant Masterpiece Builders, LLC, incorrectly sued as Barden Homes of Western New York (Masterpiece). The three poles were jointly owned and maintained by defendant New York State Electric & Gas Corporation (NYSEG) and Verizon. After repositioning the telephone wire, plaintiff lowered the aerial bucket in which he was working until it appeared to him to be approximately 6 to 12 inches from the ground, and he observed that grass was entering the bucket through its metal floor grate. Upon stepping out of the bucket, however, plaintiff fell head first into the drainage ditch.

Supreme Court properly granted those parts of the motions of NYSEG and Masterpiece for summary judgment dismissing the Labor Law § 240 (1) cause of action against them. "Not every worker who falls at a construction site . . . gives rise to the extraordinary protections of Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). "The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240 (1) liability exists" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]). Here, the aerial bucket used by plaintiff was effective in preventing him from falling while he was attaching the telephone wire to the new utility poles and, thus, "the core objective of section 240 (1) was met" (*id.*). Plaintiff's fall into the drainage ditch, however, is not covered by Labor Law § 240 (1) because it resulted from "the usual and ordinary dangers at a [work] site . . . [and] no true elevation-related risk was involved here" (*id.; see Meslin v New York Post*, 30 AD3d 309, 310 [2006]; *Pursel v Wellco, Inc.*, 6 AD3d 1096 [2004]; *Caradori v Med Inn Ctrs. of Am.*, 5 AD3d 1063, 1064 [2004]; *Panepinto v L.T.V. Steel Co.*, 207 AD2d 1006 [1994]).

The court also properly granted that part of the motion of Masterpiece for summary judgment dismissing the Labor Law § 241 (6) cause of action against it. It is undisputed that Mas-

terpiece did not own the utility poles and wires or the land upon which they were located, and thus the liability of Masterpiece under Labor Law § 241 (6) turns on whether it contracted to have the work performed and had the right to control plaintiff's work and to insist that proper safety practices were followed (*see Berrios v TEG Mgt. Corp.*, 7 AD3d 555, 556 [2004]; *Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000]; *Mangiameli v Galante*, 171 AD2d 162, 163-164 [1991]). Here, there is no evidence in the record that Masterpiece contracted to have the work performed or had the right to control the work, and thus the court properly granted that part of Masterpiece's motion with respect to Labor Law § 241 (6).

We conclude, however, that the court erred in denying that part of the motion of NYSEG for summary judgment dismissing the Labor Law § 241 (6) cause of action against it insofar as that cause of action is based on the alleged violation of 12 NYCRR 23-1.7 (b) and 23-9.6 (e) and instead should have dismissed that cause of action against NYSEG in its entirety, thereby dismissing the amended complaint against it. We therefore modify the order accordingly. We conclude on the record before us that 12 NYCRR 23-1.7 (b) is inapplicable because plaintiff did not fall into a hazardous opening within the meaning of the regulation but, rather, he fell into an old drainage ditch, overgrown with grass and weeds, that was wholly unrelated to the demolition project in which he was involved (*see Finch v Conrail*, 241 AD2d 952, 953 [1997]). Finally, while certain provisions of 12 NYCRR 23-9.6 (e) arguably apply to plaintiff's work, there is no evidence in the record before us that any violation of 12 NYCRR 23-9.6 (e) was a proximate cause of plaintiff's injury (*see generally Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]). Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ. [*See* 11 Misc 3d 1060(A), 2006 NY Slip Op 50325(U).]