[921 NE2d 590, 893 NYS2d 823]

CHARLES SCAPARO et al., Appellants, v VILLAGE OF ILION et al., Defendants, and HERKIMER COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. (Action No. 1.)

ANTHONY YERO et al., Appellants, v VILLAGE OF ILION et al., Defendants, and HERKIMER COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. (Action No. 2.)

Decided December 1, 2009

**APPEARANCES OF COUNSEL**

*Brindisi, Murad, Brindisi, Pearlman, Julian & Perz, LLP*, Utica (*Anthony J. Brindisi* of counsel), for appellants.

*Roche, Corrigan, McCoy & Bush, PLLC*, Albany (*Robert P. Roche* of counsel), for Herkimer County Industrial Development Agency, respondent.

*Law Office of John A. Panzone, P.C.*, Barneveld (*John A. Panzone* of counsel), for Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul, respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

■ The Appellate Division majority properly concluded that no triable issue of fact exists whether defendant Herkimer County Industrial Development Agency (HCIDA) was an owner within the contemplation of Labor Law § 241 (6). In cases imposing liability on a property owner who did not contract for the work performed on the property, this Court has required "some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest" (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]). Here, although the accident occurred on HCIDA's property, HCIDA did not contract with the Village of Frankfort to have the sewer lateral installed, it had no choice but to allow the Village to enter its property pursuant to a right-of-way, and it did not grant the Village an easement or other property interest creating the right-of-way.

■ Likewise, the Appellate Division correctly concluded that no triable issue of fact exists whether defendant Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul (the Church) was an owner under Labor Law § 241 (6). Courts have held that the term "owner" is not limited to the titleholder of the property where the accident occurred and encompasses a person "who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [2d Dept 1984]; *see also Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856 [4th Dept 2000]). Here, although the Church agreed to pay for the cost of materials, the Church had no interest in the property over which the sewer lateral was placed. Notably, municipal employees working at the site testified that no representative from the Church was present at, or gave directions during, the excavation work. Moreover, the testimony adduced indicated that the Village assumed full responsibility for

installing the lateral sewer line and acknowledged that the lateral would be available for use by future property owners in the area who wished to connect to the village sewer system.

Finally, the Appellate Division majority properly concluded that no triable issue of fact exists whether the Church was in a position to control the sewer lateral installation process or to insist that proper safety practices were followed under Labor Law § 200 (*see generally Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, etc.