■ MARIA CORTEZ, as Administratix of the Estate of JORGE M. ROJAS, Also Known as JORGE MARTIN ROJAS, Respondent-Appellant, v NORTHEAST REALTY HOLDINGS, LLC, Appellant-Respondent, and PRECISION LAWNCARE & LANDSCAPING, INC., Respondent-Appellant, et al., Respondent. [911 NYS2d 151]—

In an action, inter alia, to recover damages for wrongful death, the defendant Northeast Realty Holdings, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated June 18, 2009, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied its separate cross motion to preclude the use of the plaintiff's engineering expert's affidavit on the motion for summary judgment and at trial and to preclude the expert's testimony at trial, the defendant Precision Lawncare & Landscaping, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her separate cross motions for summary judgment on the issue of liability against the defendant Northeast Realty Holdings, LLC, and the defendant National Realty & Development Corp., and the defendant Precision Lawncare & Landscaping, Inc., and granted that branch of the cross motion of National Realty & Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant Northeast Realty Holdings, LLC, from so much of the order as denied that branch of its cross motion which was to preclude the use of the plaintiff's engineering expert's affidavit at trial and the expert's testimony at trial is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal by the defendant Northeast Realty Holdings, LLC; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant National Realty & Development Corp., payable by the plaintiff and the defendants Northeast Realty Holdings, LLC, and Precision Lawncare & Landscaping, Inc.

The plaintiff's decedent drowned when a riding lawnmower he was operating as an employee of the defendant Precision Lawncare & Landscaping, Inc. (hereinafter Precision), on property owned by the defendant Northeast Realty Holdings, LLC (hereinafter Northeast), fell into a retention pond at the base of a hill and tipped over, trapping him underneath. The defendant National Realty & Development Corp. (hereinafter National), which managed portions of the business park where the subject property was located, contracted with Precision for the landscaping services. The plaintiff brought this action against Northeast, National, and Precision to recover damages for negligence, violations of the Labor Law, and wrongful death.

The Supreme Court properly denied Northeast's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiff's cross motion for summary judgment on the issue of liability against Northeast. "A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Groom v Village of Sea Cliff*, 50 AD3d 1094, 1094 [2008] [internal quotation marks omitted]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Doyle v State of New York*, 271 AD2d 394, 395 [2000]). "[P]roof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence" (*Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *see Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475, 477 [2004]).

Northeast established, as a matter of law, that the plaintiff's decedent appreciated the risk presented by the use of the riding mower on the hill surrounding the retention pond and would readily have observed the danger through the reasonable use of his senses (*see Doyle v State of New York*, 271 AD2d at 395). However, there remain triable issues of fact as to whether Northeast maintained the subject property and, in particular, the hill around the pond, in a reasonably safe condition, specifically with respect to, inter alia, the grading of the hill. There also remain triable issues of fact as to whether the conduct of the plaintiff's decedent in operating the mower on the slope of the hill was the sole proximate cause of the accident.

The appeal from so much of the order as denied that branch of the cross motion of the defendant Northeast Realty Holdings, LLC, which was to preclude the use of the plaintiff's engineering expert's affidavit at trial and the expert's testimony at trial must be dismissed because it concerns an evidentiary ruling which, even when made in advance of trial on motion papers, is not appealable as of right or by permission (*see Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]; CPLR 5701; *Barnes v Paulin*, 52 AD3d 754 [2008]; *Citlak v Nassau County Med. Ctr.*, 37 AD3d 640 [2007]; *Chateau Rive Corp. v Enclave Dev. Assoc.*, 283 AD2d 537 [2001]).

The Supreme Court properly denied that branch of Northeast's cross motion which was to preclude the use of the plaintiff's engineering expert's affidavit on the motion for summary judgment, since the plaintiff identified the expert in her pretrial disclosure and served the affidavit after filing a note of issue attesting to the completion of discovery (*cf. Dawson v Cafiero*, 292 AD2d 488, 489 [2002]; *Ortega v New York City Tr. Auth.*, 262 AD2d 470, 470 [1999]).

The Supreme Court properly denied Precision's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as well as the plaintiff's motion for summary judgment on the issue of liability against Precision. There are triable issues of fact as to whether Precision adequately instructed the plaintiff's decedent on the safe use of the riding mower in the area of the hill leading down to the retention pond, and as to whether a protective roll bar had earlier been removed from the riding mower.

Finally, the Supreme Court properly granted that branch of National's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. National demonstrated, prima facie, that it did not own, occupy, control, or have special use of the subject property (*see Morrison v Gerlitzky*, 282 AD2d 725 [2001]; *Golds v Del Aguila*, 259 AD2d 942 [1999]; *Millman v Citibank*, 216 AD2d 278, 278 [1995]), so as to be liable in common-law negligence. National also demonstrated, prima facie, that it was not an "owner" for purposes of the Labor Law because it did not have an interest in the property (*see Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008]; *Ryba v Almeida*, 27 AD3d 718, 719 [2006]; *Billman v CLF Mgt.*, 19 AD3d 346, 347 [2005]; *Copertino v Ward*, 100 AD2d 565, 566 [1984]; *Ogden v City of Hudson Indus. Dev. Agency*, 277 AD2d 794, 795 [2000]; *see also* Labor Law § 200). In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.