(June 12, 2013)

■ JOSE ALVAREZ, Appellant, v HUDSON VALLEY REALTY CORP., Respondent. [966 NYS2d 686]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated June 8, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action asserting violations of Labor Law §§ 240 (1) and 241 (6) by establishing that it was an abutting property owner with no property interest in the premises upon which the plaintiff was injured, and it neither contracted for nor controlled the construction work on the premises (see Guryev v Tomchinsky, 20 NY3d 194 [2012]; Scaparo v Village of Ilion, 13 NY3d 864 [2009]; Ferluckaj v Goldman Sachs & Co., 12 NY3d 316 [2009]; Cortez v Northeast Realty Holdings, LLC, 78 AD3d 754 [2010]; Ryba v Almeida, 27 AD3d 718 [2006]; Billman v CLF Mgt., 19 AD3d 346 [2005]). Moreover, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law

negligence and violation of Labor Law § 200 by establishing that it did not own, occupy, or control the premises (*see Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754 [2010]; *Ryba v Almeida*, 27 AD3d 718 [2006]), and that it did not have the authority to supervise or control the manner in which the work was performed (*see Markey v C.F.M.M. Owners Corp.*, 51 AD3d 734 [2008]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616 [2008]). The plaintiff failed to raise a triable issue of fact in opposition to the motion (*see Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 769 [2012]). Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.