■ Barbara Piatek et al., Appellants, v Oak Drive Enterprises, Inc., et al., Defendants, and St. Andrews Ukrainian Orthodox Church, Defendant/Third-Party Plaintiff-Respondent, et al., Defendants/Third-Party Defendants. Vojtek Construction, Inc., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [9 NYS3d 890]—In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Rosengarten, J.), dated December 11, 2013, which granted the motion of the defendant St. Andrews Ukranian Orthodox Church for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by their brief, from so much of an order of the same court, also dated December 11, 2013, as granted that branch of the motion of the third-party defendant Vojtek Construction, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendant St. Andrews Ukranian Orthodox Church.

Ordered that the first order dated December 11, 2013, is affirmed; and it is further,

Ordered that the second order dated December 11, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly granted the separate motions of the defendant St. Andrews Ukranian Orthodox Church (hereinafter SA) and the third-party defendant Vojtek Construction, Inc. (hereinafter together the movants), for summary judgment dismissing the verified complaint insofar as asserted against SA. The movants established, prima facie, that SA was entitled to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it by demonstrating that, for the purposes of the Labor Law, SA was not an owner of the property at which the subject accident allegedly occurred (*see Alvarez v Hudson Val. Realty Corp.*, 107 AD3d 748, 748 [2013]; *Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 757 [2010]; *Ryba v Almeida*, 27 AD3d 718, 719 [2006]; *Billman v CLF Mgt.*, 19 AD3d 346, 347-348 [2005]). The movants also established, prima facie, that SA was entitled to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it (*see Alvarez v Hudson Val. Realty Corp.*, 107 AD3d at 748-749; *Cortez v Northeast Realty Holdings, LLC*, 78 AD3d at 757; *Ryba v Almeida*, 27 AD3d at 719). In opposition, the plaintiffs failed to raise a triable issue of fact. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.