Paul v Village of Quogue (2019 NY Slip Op 09014)





Paul v Village of Quogue


2019 NY Slip Op 09014


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-04310
 (Index No. 617428/16)

[*1]Joseph Paul, appellant, 
v
Village of Quogue, et al., defendants, Town of Southampton, respondent.


Dell & Dean, PLLC, Garden City, NY (Michael D. Schultz of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), entered February 20, 2018. The judgment, insofar as appealed from, upon an order of the same court entered February 6, 2018, inter alia, granting that branch of the motion of the defendant Town of Southampton which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, a technician employed by nonparty contractor CSC Holdings, LLC, alleges that he was injured when he fell approximately 15 feet from a ladder while performing work on a utility pole located on or near property in Quogue. At the time of the accident, the plaintiff was performing repair work and installing a wi-fi unit on the utility pole. According to the plaintiff, he had wrapped a metal wire attached to the utility pole around the ladder and then leaned the ladder against other wires attached to the pole. The plaintiff alleged that, as he climbed down the ladder, the metal wire broke and caused him to fall from the ladder. Although the property on which the utility pole is located is jointly owned by the defendants Town of Southampton and the Village of Quogue, the Town does not own the utility pole or wires in question.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the Town, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Before discovery was conducted, the Town moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the Town's motion, and judgment was entered, inter alia, dismissing the complaint insofar as asserted against the Town. The plaintiff appeals from so much of the judgment as dismissed his complaint insofar as asserted against the Town.
" Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to maintain a safe construction site'" (Olarte v Morgan, 148 AD3d 918, 919, quoting Bennett v Hucke, 131 AD3d 993, 995, affd 28 NY3d 964). " To be held liable under Labor Law § [*2]200 for injuries arising from the manner in which work is performed, a defendant must have authority to supervise or control the methods or materials of the injured plaintiff's work'" (Olarte v Morgan, 148 AD3d at 919, quoting Pacheco v Smith, 128 AD3d 926, 926; see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1092).
Labor Law § 240(1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, including the provision of safety equipment to protect workers against falling from a height, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Riccio v NHT Owners, LLC, 51 AD3d 897, 898). Similarly, Labor Law § 241(6) imposes a non-delegable duty upon "[a]ll contractors and owners and their agents" to provide reasonable and adequate protection and safety to persons employed in construction work (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501-502).
"[T]he term owner is not limited to the titleholder of the property where the accident occurred and encompasses a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit" (Scaparo v Village of Ilion, 13 NY3d 864, 866 [internal quotation marks omitted]; see Copertino v Ward, 100 AD2d 565, 566). A noncontracting owner, one who does not hire contractors or agents to accomplish the work, will be liable under the Labor Law only where there exists "some nexus between the owner and the worker, whether by a lease agreement or grant of an easement or other property interest" (Morton v State of New York, 15 NY3d 50, 56 [internal quotation marks omitted]; see Scaparo v Village of Ilion, 13 NY3d at 866; Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51).
Here, the accident allegedly arose from the manner in which the work was performed. The Town established its prima facie entitlement to judgment as a matter of law through evidence demonstrating that it did not contract to have the work performed, did not have the authority to supervise or control the work being done, and did not have a sufficient nexus to the plaintiff since it did not have a property interest in the utility pole and wire on which the plaintiff was working at the time of the accident (see Scaparo v Village of Ilion, 13 NY3d at 866; Abbatiello v Lancaster Studio Assoc., 3 NY3d at 51; Guryev v Tomchinsky, 87 AD3d 612, 614, affd 20 NY3d 194; Lacey v Long Is. Light. Co., 293 AD2d 718, 719; Wendel v Pillsbury Corp., 205 AD2d 527, 528; Mangiameli v Galante, 171 AD2d 162, 164). In opposition, the plaintiff failed to raise a triable issue of fact.
Furthermore, the plaintiff's contention that the motion should have been denied as premature is without merit. "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329 [internal quotation marks omitted]; see Burlington Ins. Co. v Casur Corp., 123 AD3d 965, 965-966). The mere hope or speculation that evidence to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny a motion for summary judgment (see Burlington Ins. Co. v Casur Corp., 123 AD3d at 966; Ruttura & Sons Constr. Co. v J. Petrocelli Constr., 257 AD2d 614, 615). Here, the plaintiff failed to satisfy his burden of demonstrating that the Town's motion was premature.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court