Cruz v 1142 Bedford Ave., LLC (2021 NY Slip Op 08220)





Cruz v 1142 Bedford Ave., LLC


2021 NY Slip Op 08220


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-08751
 (Index No. 505075/13)

[*1]Maximo Cruz, et al., respondents-appellants,
v
1142 Bedford Avenue, LLC, et al., appellants- respondents, 2 Big Meadow Lane, LLC, respondent, et al., defendant (and a third-party action).


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Steven R. Dyki of counsel), for appellants-respondents.
Silberstein, Awad & Miklos, P.C., Garden City, NY (Susan B. Eisner of counsel), for respondents-appellants.
Raven & Kolbe, LLP, New York, NY (John J. Phelan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp. appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 7, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant 2 Big Meadow Lane, LLC, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and denied that branch of the motion of the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp. which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3) insofar as asserted against them. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant 2 Big Meadow Lane, LLC, which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3) insofar as asserted against it, and denied those branches of the plaintiffs' separate cross motions which were for summary judgment on the issue of liability against the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp., and against the defendant 2 Big Meadow Lane, LLC, respectively, on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3).
ORDERED that the appeal by the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp. from so much of the order as granted that branch of the motion of the defendant 2 Big Meadow Lane, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as they are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision [*2]thereof granting those branches of the motion of the defendant 2 Big Meadow Lane, LLC, which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3) and all cross claims insofar as asserted against it, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp. on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed on the appeal by the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp., and insofar as cross-appealed from by the plaintiffs; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendants 1142 Bedford Avenue, LLC, and J. Vasquez Meat Corp.
On August 12, 2011, the plaintiff Maximo Cruz (hereinafter the injured plaintiff) allegedly sustained injuries to his left hand while operating a table saw at a construction site located in Brooklyn. The construction project entailed the renovation of a ground-floor commercial space, consisting of two condominium units, which would operate as a supermarket upon completion of construction. One of the condominium units was owned by the defendant 1142 Bedford Avenue, LLC (hereinafter 1142 Bedford), and the other by the defendant 2 Big Meadow Lane, LLC (hereinafter 2 Big Meadow). 1142 Bedford and 2 Big Meadow were both owned by the same two principals. Pursuant to an operating agreement, 1142 Bedford was authorized to manage all business and affairs of 2 Big Meadow, and to execute any necessary documents in connection with the management and development of 2 Big Meadow's property. While the construction project was ongoing, both units were leased by 1142 Bedford to the defendant J. Vasquez Meat Corp. (hereinafter J. Vasquez).
The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against, among others, 2 Big Meadow, 1142 Bedford, and J. Vasquez. The complaint stated causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Following discovery, 2 Big Meadow moved, inter alia, for summary judgement dismissing the complaint and all cross claims insofar as asserted against it. 1142 Bedford and J. Vasquez (hereinafter together the Bedford defendants) opposed 2 Big Meadow's motion and moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs opposed both motions and made separate cross motions for summary judgment on the issue of liability as against the Bedford defendants and 2 Big Meadow, respectively.
In an order dated June 7, 2018, the Supreme Court, among other things, granted that branch of 2 Big Meadow's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, denied that branch of the Bedford defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3) insofar as asserted against them, and denied the plaintiffs' cross motions for summary judgment on the issue of liability against the Bedford defendants and 2 Big Meadow, respectively. The Bedford defendants appeal and the plaintiffs cross-appeal.
Labor Law § 241(6) imposes a nondelegable duty upon an owner and general contractor to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Misicki v Caradonna, 12 NY3d 511, 515; Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). "'To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Zaino v Rogers, 153 AD3d 763, 764, quoting Aragona v State of New York, 147 AD3d 808, 809).
Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability as to the Labor Law § 241(6) cause of action predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3) insofar as asserted against the Bedford defendants. The injured plaintiff's uncontroverted deposition testimony was sufficient to establish that his injuries were proximately caused by the malfunctioning of the table saw, which was not equipped with a protective guard or spreader in violation of the relevant Industrial Code provisions (see e.g. Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 729). Contrary to the Bedford defendants' contention, the injured plaintiff's testimony was not impossible of belief, "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (Loughlin v City of New York, 186 AD2d 176, 177). Rather, the injured plaintiff's testimony presented a credible and coherent narrative of the accident. The fact that the injured plaintiff may have been the sole witness to the accident does not preclude an award of summary judgment in favor of the plaintiffs (see Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177; Melchor v Singh, 90 AD3d 866, 869).
While the Bedford defendants are correct that the plaintiffs' cross motion for summary judgment was untimely, "an untimely motion or cross motion for summary judgment may be considered by the court where a timely motion for summary judgment was made on nearly identical grounds" (Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890), as was the case here. The Supreme Court also had the discretion to consider the plaintiffs' expert affidavit notwithstanding the plaintiffs' failure to disclose their expert prior to the filing of a note of issue (see generally Rivers v Birnbaum, 102 AD3d 26, 31). Contrary to the contention of the Bedford defendants, the plaintiffs' expert affidavit further elucidated the causal nexus between violations of the relevant provisions of the Industrial Code and the injured plaintiff's injuries, issues which were beyond the ken of the average juror (see generally People v Santi, 3 NY3d 234, 246-247).
In opposition to the plaintiffs' prima facie showing, the Bedford defendants failed to raise a triable issue of fact, since none of their evidentiary submissions controverted the injured plaintiff's testimony as to how the accident occurred. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the Bedford defendants on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3).
It follows that the Supreme Court properly denied that branch of the Bedford defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on the same Industrial Code provisions insofar as asserted against them. The Bedford defendants did not demonstrate, prima facie, that those provisions were inapplicable to the facts of this case (see Zaino v Rogers, 153 AD3d at 765). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Grucci v Grucci, 174 AD3d 790, 791 [internal quotation marks omitted]). Here, the Bedford defendants did not present any evidence in support to controvert the injured plaintiff's testimony as to how his injuries were sustained.
Liability under Labor Law § 241(6) extends to "[a]ll contractors and owners and their agents . . . when constructing or demolishing buildings or doing any excavating in connection therewith." "[T]he burden placed upon a defendant seeking summary judgment on the ground that it is not an owner is a heavy one" (Ferreira v Village of Kings Point, 68 AD3d 1048, 1050, citing Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 341-342).
Here, 2 Big Meadow failed to meet its burden of establishing, prima facie, that it was not an owner within the meaning of Labor Law § 241(6). Contrary to 2 Big Meadow's contention, the injured plaintiff's deposition testimony did not conclusively establish that the incident occurred within the condominium unit owned by 1142 Bedford. Rather, neither the injured plaintiff nor the property manager produced as a witness by 2 Big Meadow was able to identify which area within the premises belonged to either unit, as there was no physical barrier or visual separation between [*3]the two areas. Thus, while the injured plaintiff was able to describe with some specificity his location within the premises at the time of his injury, absent any competent evidence that the area described was within the unit owned by 1142 Bedford, that testimony could not, and did not establish that 2 Big Meadow did not own the property upon which the incident occurred.
Moreover, "the term 'owner' is not limited to the titleholder of the property where the accident occurred and encompasses a person 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit'" (Scaparo v Village of Ilion, 13 NY3d 864, 866, quoting Copertino v Ward, 100 AD2d 565, 566). "[T]he critical factor in determining whether a party is an 'owner' is whether it 'possessed the right to insist that proper safety practices were followed; that is, the right to control the work'" (Billman v CLF Mgt., 19 AD3d 346, 347-348, quoting Berrios v TEG Mgt. Corp., 7 AD3d 555, 556 [internal quotation marks omitted]; see Copertino v Ward, 100 AD2d at 567). The evidentiary submissions furnished by 2 Big Meadow in support of its motion for summary judgment did not eliminate triable issues of fact as to whether 2 Big Meadow, which clearly benefitted from the renovation of its property, was involved in contracting to have the construction project performed or had the authority to insist on proper safety practices. Accordingly, the Supreme Court should not have granted that branch of 2 Big Meadow's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5(c)(3) and 23-1.12(c)(2) and (3) insofar as asserted against it on the basis that it was not an owner. For the same reasons, the Bedford defendants' cross claims against 2 Big Meadow should not have been dismissed on that basis.
On their cross motion for summary judgment on the issue of liability against 2 Big Meadow, the plaintiffs similarly failed to eliminate triable issues of fact as to whether 2 Big Meadow was an owner. Drawing all inferences in favor of 2 Big Meadow as the non-moving party (see Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610), a finder of fact could determine that 2 Big Meadow did not own the property upon which the incident occurred and did not contract for, nor have any control over, the renovation of the premises (see e.g. Billman v CLF Mgt., 19 AD3d at 347-348). Accordingly, the Supreme Court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability against 2 Big Meadow.
The parties remaining contentions are either without merit or not properly before this Court.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court